# THE.
# TEXAS LAW REPORTER

## AUSTIN, TEXAS, DECEMBER, 1883.

### EX PARTE ANNIE WILSON.

COURT OF APPEALS, TYLER TERM, 1883.

*Disorderly Houses—Jurisdiction of Recorder's Court of the City of Dallas.*—The new city charter of the city of Dallas, Texas, among other provisions, confers upon the recorder's court jurisdiction of all cases for keeping disorderly houses within the city limits, concurrent with that of the county court. See special laws 18 Legislature pp. 25 and 26.

*Same.*—Section 62 of the same Art. confers upon the city council the right to enact all necessary ordinances, etc., necessary to the exercise of such jurisdiction; to locate, restrain, punish, and control all disorderly houses of prostitution or assignation, and the keeper or inmates thereof   *   *   *   *   with as great a penalty as the same are punished by the statutes of the State.  Concurrent jurisdiction over such cases arising within the city limits is conferred upon the mayor's court.

*Same.*—Section 82 of the same Art. among other provisions empowers the city council   *   *   *   *   to enforce such ordinances, rules, and police regulations, and to punish violations by fine or imprisonment or both, or by work on public streets, etc.,   *   *   *   provided that no fine shall exceed $200, and no period of imprisonment shall exceed thirty days.  Under these amendments, the city charter, on June 13, 1883, enacted an ordinance punishing keepers of disorderly houses, which was a substantial re-enactment of Arts. 339, 340, and 341, of the penal code including the punishment assessed by Art. 341, to-wit : "By fine not less that $100, nor more than $500.

*Same—Constitutional Law.*—Section 56 of Art. III of the constitution which expressly prohibits the Legislature from enacting a special law incorporating cities, towns, villages, or changing their charters, etc , is qualified by the first paragraph which is as follows : "The legislature shall not, *except as otherwise provided in this constitution,* pass any local or special laws," on the subjects prohibited.  Section 5 of Art. XI of the constitution provides that, "cities having more than ten thousand inhabitants may have their charters granted or amended by special act of the Legislature," etc.  *Held,* that the two sections of the constitution are harmonious; that the Legislature had the power, by special law, to amend the charter of a city of more than ten thousand inhabitants, and that in this case it will be presumed that

the Legislature was satisfied that the city of Dallas contained the requisite number of inhabitants.

*Same.*—It was objected that the ordinance of the city council was inconsistent with Art. 418 of the revised statutes which limits the power of the city council in assessing fines and penalties to $100 and imprisonment for fifteen days. *Held*, that the constitutional exception with regard to cities of more than ten thousand inhabitants,takes such cities out of the purview of the general law whenever their amended charters provides a different rule, or confers a greater power than that given by the general law. See the opinion *in extenso* on the question.

*Same.*—Further objection was made that the ordinance authorizing a fine of $500 was inconsistent with sections 21 and 82 of the amended charter, in so far as it authorized a penalty greater than provided by said sections. *Held*, untenable in as much as section 21 confers upon the mayor's or recorder's courts jurisdiction over disorderly houses, concurrent with the county court; because section 62 of the charter provides that such offenses may be punished with as great a penalty as that authorized by the state law, and the ordinance is a re-enactment of that law.

*R. H. West* for the Relator.

*J. H. Burts*, Assistant Attorney General, for the State.

Opinion by White, J.

The Eighteenth Legislature, by a special act, approved March 31, 1883, amended the act of August 9, 1876, "to incorporate the city of Dallas, and to grant a new charter to said city." By the 21st section of the old charter (August 9, 1876), the authority, power, and jurisdiction of the mayor or recorder with regard to the prosecution and suppression of crime was limited expressly, in extent to such as by statute, was conferred upon the justices of the peace only; and they were not authorized to take cognizance of any offense not coming within the jurisdiction of a justice of the peace as defined by law.

By the amendment of this 21st section, as made by the act of March 31, 1883, it is declared that the recorder's court of the city of Dallas, "shall have concurrent jurisdiction and cognizance of all misdemeanors, breaches of the peace, infractions of the ordinances, and all other causes arising under the criminal laws of said city, and arising under the criminal laws of the state within said city limits, in which the punishment is by fine only or imprironment or by both; provided that no fine shall exceed two hundred dollars, or period of imprisonment exceed thirty days in the city jail; and provided further, that said court shall have concurrent jurisdiction of all cases for keeping disorderly houses, or houses of prostitution within the limits of said city. And said court shall be deemed always open for the trial of said cases. Said court shall have full power, authority, and concurrent jurisdiction in all cases arising under the ordinances of

said city, or the state law, as hereinbefore limited; and over any breaches of the peace, and violation thereof, and of any or all persons thus offending, including vagrants, gamblers, and keepers of disorderly houses," etc. Special Laws 18 Leg., 25, 26.

The 62nd section of said act conferred upon the city council "the right to make all necessary ordinances to restrain and punish vagrants, mendicants, street beggars, and prostitutes; to locate, restrain, punish and control all disorderly houses of prostitution or assignation, and the keeper or inmates thereof * * * with as great a penalty as the same is punished by the statutes of the state. The mayor's court of the city of Dallas shall have concurrent jurisdicfion of such misdemeanors, when committed in the limits of the city of Dallas." Special Laws, 18 Leg., 27.

Section 82 provides that, "The city council shall have power to pass, publish, amend, or repeal all ordinances, rules, and police regulations not contrary to the constitution of the state, and neéessary for the order or good government of the city, or the trade, health or commerce thereof or that may be necssary and proper to carry into effect the powers vested in the corporation or any of its officers, by the act of incorporation of date August 9, 1876, and this and other amendments thereof, to'enforce the observance of all such ordinances, rules and police regulations, and to punish violations thereof by fine or imprisonment, or either or both, or by work on the streets or other public work, as may be provided by ordinance and required by the judgment of the court; provided that no fine shall exceed $200, and no period of imprisonment shall exceed thirty days. Special L. 18 Leg., 28.

It will be noticed that under the amendments of the charter, the jurisdiction of the recorder's or mayor's court is not limited to cases over which justices had jurisdiction, but greatly enlarged, and in some respects the jurisdiction is made concurrent with the county court in cases theretofore falling within the exclusive jurisdiction of the county court, and notably as provided in section 21 *supra*, in cases for keeping disorderly houses or houses of prostitution. With regard to these cases, on June 13, 1883, the city council of Dallas passed an ordinance (under the authority conferred by these amendments of the charter) "punishing keepers of disorderly houses." This ordinance was an almost literal re-enactment of the provisions of our penal code, contained in acts 339, 340 and 341, including the

punishment assessed by art 341, by fine not less than $100 nor more than $500.

An affidavit or complaint was filed on July 31, 1883, by W. H. Ramsay, with W. L. Cabell, mayor of the city of Dallas, charging appellant with keeping a disorderly house, and she was arrested upon a warrant issued by the mayor upon said complaint. The legality of her arrest was tested under a writ of *habeas corpus*, upon a hearing had before judge Hurt of this court, in chambers, and he remanded the appellant to custody for trial upon the complaint. She appeals from this judgment to this court.

It is insisted that the amendments to the charter of the city of Dallas above noticed, are unconstitutional, and particularly so in so far as they extend and confer additional powers and jurisdiction upon the mayors and recorder's court, to exercise concurrent cognizance with the county court, in cases for keeping disorderly houses. The position is, in effect, that the charter of 1876 could not be amended as attempted, because by express provision of Art. , III Sec. 56 of the constitution, the Legislature is prohibited from passing any local or special law, "incorporating cities, towns or villages, or changing their charters," and is also expressly prohibited further in same sec. tion from "regulating (by special of local law) the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding before courts, justices of the peace," etc.

In answer to this provision we call attention to the language of the first paragraph of Sec. 56. It is in these words : "The Legislature shall not, *except as otherwise provided in this constitution*, pass any local or special law" upon the subject therein prohibited· Now, in Sec. 5 of Art. II of the constitution it is provided that, "cities having more than ten thousand inhabitants, may have their charters granted or amended by special act of the Legislature," etc. This provision is of equal and binding force with Sec. 56 of Art. III; they are both parts of the constitution; are not inconsistent, but entirely harmonious, and capable of being construed together, because Sec. 56 provides that where the constitution itself prescribes a different rule from the one therein provided, its provisions shall not control to prevent the passage by special law of any act of the Legislature with regard to any of the subjects therein mentioned. The constitution does "otherwise provide" with regard to the charter of cities having more than ten thousand inhabitants, and we presume that the

Legislature was satisfied of the fact that the city of Dallas had the requisite population, or it would not have passed the special law amending the city charter. In our opinion, the constitutional objection to the amended charter is not tenable.

But it is urged against the ordinance under which this prosecution is had that it is inconsistent with Art.418 of the revised statutes, which limits the power of a city council in assessing fines and penalties, to fines which shall not exceed $200, and to imprisonment which shall not exceed fifteen days. In answer to this position it may be said that the constitutional exception with regard to cities of more than ten thousand inhabitants, takes such cities out of the purview of the general law, whenever their amended charter provides a rule different from the general law, or confers power greater than that given by the general law. The one is as much the act of the Legislature as the other, and when not obnoxious to constitutional objection, any special act of the Legislature is valid and binding, as much so as a general law to the extent of the powers granted by it. If inconsistant with, or contrary to the general law, it stands and must be considered an exception to it.

Again it is said that the ordinance in so far as it provides that the keeping of a disorderly house may be punished by a fine of as much as $500, is inconsistent with and in excess of punishment allowed to to be inflicted by the 21st and 82nd sections of the amended charter *supra*, which, it is said, limits all punishment to a fine not to exceed $200, and the period of imprisonment not to exceed thirty days. But it will be seen that in section 21, concurrent jurisdiction is especially given in cases of disorderly houses,or houses of prostitution,and they are made exceptional cases even in that section. When we turn to section 62 of the charter, we find that it is provided that such offenses may be punished "with as great a penalty as the same is punished by the statutes of the State;" and we have seen that the ordinance is but a re-enactment of the state law.

Having examined and discussed all the questions legitimately arising upon the record before us, it only remains to declare that in our opinion no error has been committed in rendering the judgment appealed from, and it is therefore affirmed.